United States District Court
Southern District of Texas

**ENTERED**
May 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

MARIA DEL ROSARIO HERNANDEZ
ALEJANDRE,

§
§
§
§

Petitioner,

§
§

VS.

§   CIVIL ACTION NO. 4:26-CV-02305

§

RANDY TATE, *et al.*,

§
§
§

Respondents.

§

## MEMORANDUM AND ORDER OF DISMISSAL

Pending are Petitioner's emergency motion for a temporary restraining order ("TRO") and stay of removal (Doc. No. 14) and Respondents' motion for summary judgment (Doc. No. 12). The parties have responded to the respective motions, and this case is ripe for adjudication. The Court has carefully considered the motions, responses, evidence in the record, and applicable law and GRANTS Respondents' motion for summary judgment, DENIES Petitioner's petition and motion for a TRO, and DISMISSES this case for the reasons that follow.

## I.   BACKGROUND

Petitioner Maria del Rosario Hernandez Alejandre is a native and citizen of Mexico. Doc. No. 1 at 7. She is a widow and the mother of eight United States citizen adult children, one of whom recently and tragically died by a drug overdose that Petitioner believes was precipitated by her recent re-detention. *Id.*; *see also* Doc. No. 6-3.

1 / 10

Petitioner states that she entered the United States without inspection and without encountering Border Patrol in 1987. Doc. No. 1 at 7. On December 15, 2005, an Immigration Judge ("IJ") entered a final order of removal against her. *Id.* at 8. In 2009, she was removed from the United States. *Id.*

Within a month of being removed, Petitioner reentered the United States a second time unlawfully and without inspection. *Id.* In 2022, while driving from Corpus Christi to Houston, Petitioner was apprehended by police during a routine traffic stop. *Id.* On September 24, 2022, an IJ reinstated her removal order pursuant to 8 U.S.C. § 1231(a)(5). Doc. No. 12 at 1; Doc. No. 12-1 at 1. She was subsequently released on an Order of Supervision ("OSUP") and asserts that she fully complied with the conditions in that OSUP.

On February 5, 2026, while at a check-in to comply with her OSUP, Petitioner was detained. The record indicates that she was provided a "Notice of Intent/Decision to Reinstate Prior Order" on that date, but that she refused to sign the Notice. Doc. No. 12-3. While in detention, Petitioner expressed fear of being returned to Mexico, and on March 2, 2026, she underwent a reasonable fear interview. Doc. No. 1 at 23. The Asylum Officer issued a negative determination, and Petitioner appealed that finding to the Immigration Court. *Id.* On April 24, 2026, the IJ affirmed the findings of the Asylum Officer. Doc. No. 13-1 at 1. This determination is final and unappealable. *See* 8 C.F.R. § 1208.31(g)(1) ("If the immigration judge concurs with the asylum officer's determination that the alien

does not have a reasonable fear of persecution or torture, the case shall be returned to DHS for removal of the alien. No appeal shall lie from the immigration judge's decision.")

Respondents inform the Court that no impediments to removal remain and that Petitioner's removal to Mexico is imminent. Petitioner does not contest that her removal order is final and that the reasonable fear procedure has concluded but argues that the revocation of her OSUP in February 2026 did not follow agency regulations or due process. She further contends that the Respondents' stipulation that they would not remove the Petitioner is still in effect and that removal is not likely in the reasonably foreseeable future.

## II.   LEGAL STANDARDS

### A. 28 U.S.C. § 2241

Section 2241(c)(1) of Title 28 of the United States Code "applies to persons held 'in custody under or by color of the authority of the United States.'" *Munaf v. Geren*, 553 U.S. 674, 686 (2006) (citing § 2241(c)(1)). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Id.* (quoting *Wales v. Whitney*, 5 S. Ct. 1050, 1054 (1885); *see also* 28 U.S.C. § 2243 ("The writ . . . shall be directed to the person having custody of the person detained")).

Habeas corpus is available to a person challenging the legality of immigration-related detention. *Demore v. Kim*, 538 U.S. 510, 517 (2003); *Gudiel Polanco v. Garland*, 839 F. App'x 804, 805 (4th Cir. 2021) (holding that where the alien challenged his detention rather than any removal order, his challenge "must be brought pursuant to a

habeas corpus petition" in district court). Courts retain jurisdiction to review an alien's detention "insofar as that detention presents constitutional issues, such as those raised in a habeas petition." *Oyelude v. Chertoff*, 125 F. App'x 543, 546 (5th Cir. 2005) (unpublished op.) (citation omitted).  Where, as here, a habeas petition "'raises only issues of law, or questions regarding the legal implications of undisputed facts,'" a court need not hold a hearing to decide the case. *See Tijerina v. Thornburgh*, 884 F.2d 861, 866 (5th Cir. 1989) (holding that the habeas proceeding could be resolved without a hearing because it presented questions of law and facts were resolved in favor of the respondents).

## B.  Summary Judgment

To be entitled to summary judgment, the pleadings and summary judgment evidence must show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56.  The moving party bears the burden of initially pointing out to the court the basis of the motion and identifying the portions of the record demonstrating the absence of a genuine issue for trial.  *Duckett v. City of Cedar Park, Tex.*, 950 F.2d 272, 276 (5th Cir. 1992).  Thereafter, "the burden shifts to the nonmoving party to show with 'significant probative evidence' that there exists a genuine issue of material fact."  *Hamilton v. Seque Software, Inc.*, 232 F.3d 473, 477 (5th Cir. 2000) (quoting *Conkling v. Turner*, 18 F.3d 1285, 1295 (5th Cir. 1994)).  "Because this case arises in a summary judgment posture, [the court] view[s] the facts in the light most favorable to [Petitioner], the nonmoving party." *Canady v. Davis*, 687 F. App'x 362, 365

(5th Cir. 2017) (quoting *City & County of San Francisco v. Sheehan*, 135 S. Ct. 1765, 1769 (2015)).

## III.    DISCUSSION

Petitioner seeks release on the same conditions that she had with her previous OSUP, contending that her re-detention and revocation of her OSUP violated immigration regulations, the Administrative Procedure Act, and due process. She further contends that her detention is unconstitutional under *Zadvydas v. Davis*, 533 U.S. 678 (2001), because there is no significant likelihood that she will be removed in the reasonably foreseeable future. Respondents state that Petitioner's removal is imminent because there is no impediment to her removal now that the IJ has denied her credible fear claim. They represent that she can be removed to Mexico at any time pursuant to her valid and enforceable removal order.

### A. The revocation of the OSUP did not violate regulations or other law.

Petitioner contends that Respondents violated regulations when they revoked her OSUP by not providing her notice of the reasons and affording her an opportunity to respond. Because her current detention is best understood as occurring "beyond the removal period" under 8 U.S.C. § 1231(a)(6), it is subject to 8 C.F.R. § 241.4. *Alam v. Nielsen*, 312 F. Supp.3d 574, 582 (S.D. Tex. 2018).

Respondents argue that § 241.4(l)(2) governs the revocation of an OSUP where, as here, Petitioner did not violate any of the conditions of her supervision, but ICE officials nonetheless determined in their discretion that "[i]t is appropriate to enforce a removal

5 / 10

order or to commence removal proceedings against an alien." 8 C.F.R. § 241.4(l)(2)(iii); *see also Alam*, 312 F. Supp.3d at 582 (holding that § 214.4(l)(2)(iii) applies where the proper official determines, in their discretion, that it is appropriate to enforce a removal order).

Petitioner contends that this case is governed by § 241.4(l)(1) and that she did not receive notice or reasons for her re-detention and an opportunity to respond. Contrary to Petitioner's contentions, however, the record reflects that Respondents provided the reason that her OSUP was revoked, that is, to effectuate her removal, and gave her notice of an opportunity to contest the determination. *See* Doc. No. 12-2 ("Warrant of Removal/Deportation" indicating that she was subject to removal and authorizing removal pursuant to Immigration and Nationality Act § 241(a)(5)); and Doc. No. 12-3 ("Notice of Intent/Decision to Reinstate Prior Order" indicating that the petitioner could "contest this determination by making a written or oral statement to an immigration officer" and reflecting that Petitioner did not wish to make such a statement and refused to sign). Respondents further point out that the Field Office Director, Gabriel Martinez, is an appropriate official to make the determination to revoke an OSUP under § 241.4(l)(2), citing the definitions section in 8 C.F.R. § 1.2, which provides that, after March 1, 2003, the terms "Director or assistant director" include "field office director." *See* 8 C.F.R. §§ 1.2, 241.4(l)(2). Petitioner does not raise a fact issue that ICE violated its own regulations or other law in revoking her OSUP to effectuate her removal.

Finally, and as explained below, Respondents have shown that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future because her credible fear proceedings are resolved. Because Petitioner does not raise a fact issue regarding the field office director's discretionary decision to re-detain her for the purposes of effectuating her removal, this claim must be dismissed.

### B. Respondents' previous stipulation does not provide an avenue for relief.

Petitioner next argues that the Respondents previously stipulated that they would not remove her until these proceedings ended. However, that misreads the stipulation. The stipulation stated:

> Undersigned counsel has conferred multiple times with DHS since filing the Notice of Imminent Removal, and DHS indicates that the indication of imminent removal was a clerical error. DHS does not have imminent plans to remove Petitioner, as she will not be removed **pending final resolution of her claim to fear of persecution or torture**. Thus, the Federal Respondents stipulate herein that Petitioner **will not be removed pending finality of that determination**. And if/when the Government intends to remove Petitioner at a future date, it will provide anew the 5-day notice requirement set forth by the Court.

Doc. No. 9 at 1 (emphases added). A plain reading of the stipulation indicates that Respondents would not remove Petitioner until there was a final determination on her credible fear claim. The IJ made that final determination on April 24, 2026, when the IJ affirmed the asylum officer's negative credible fear finding. Doc. No. 13-1. As promised, the Respondents did not remove Petitioner and provided 5 days' notice that her removal was imminent after the credible fear proceedings concluded. The stipulation does not provide an avenue for relief for Petitioner.

## C. Petitioner does not state a *Zadvydas* claim.

Petitioner generally asserts that there is no likelihood that she will be removed in the reasonably foreseeable future. Petitioner does not contest that she is subject to a final order of removal. Doc. No. 1 at 23. The record reflects that an IJ denied Petitioner's credible fear claim on April 24, 2026, removing the final impediment to her removal. *See* Doc. No. 13-1. Petitioner does not dispute that her credible fear claim has been denied by an IJ and that her removal order is final pursuant to 8 C.F.R. § 1208.31(g)(1).

The Due Process Clause of the Fifth Amendment to the United States Constitution provides that no person shall be "deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. In *Zadvydas*, the Supreme Court held that the INA does not authorize "indefinite, perhaps permanent, detention" of noncitizens subject to final orders of removal. 533 U.S. at 699. The Court explained that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" and that "[f]reedom from imprisonment—from government custody, detention, or other forms of physical restraint—lies at the heart of the liberty that Clause protects." *Id.* (citing *Foucha v. Louisiana*, 504 U.S. 71, 80 (1992)).

"When an alien has been found to be unlawfully present in the United States and a final order of removal has been entered, the Government ordinarily secures the alien's removal during a subsequent 90-day statutory 'removal period,' during which time the alien normally is held in custody." *Zadvydas*, 533 U.S. at 682. Inadmissible noncitizens or those with certain criminal convictions may be detained beyond the removal period, 8

8 / 10

U.S.C. § 1231(a)(6), but the statute "limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States," and "does not permit indefinite detention." *Id.* at 689. The Court established a "6-month presumption" of reasonableness following the issuance of a removal order. *Id.* at 701.

After the six-month period of "presumptively reasonable" detention ends, a petitioner seeking release from detention must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future." *Id.*; *see also Andrade v. Gonzales*, 459 F.3d 538, 543–44 (5th Cir. 2006) (denying a *Zadvydas* claim where petitioner offers "nothing beyond conclusory statements"). Once a petitioner meets this burden, the burden shifts to the respondents to "respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

Assuming that Petitioner has shown that she has been detained for more than six months after her removal order was final, she does not meet her burden to show that there is good reason to believe that her removal is not likely to occur in the reasonably foreseeable future. She offers no more than conclusory statements, which are insufficient to meet her initial burden. *See Andrade*, 459 F.3d 543-44. Respondents present evidence indicating that they are planning to remove her imminently and that all impediments to her removal have been removed with the IJ's recent denial of her reasonable fear claim. *See* Doc. No. 13 at 1-2. Petitioner does not contest that her removal order is final and that the IJ's denial of her reasonable fear claim is not appealable. Further, although Petitioner generally claims that removal is not reasonably foreseeable, she points to no present

impediment to the execution of her removal order. Accordingly, Petitioner does not meet her burden to show that there is reason to believe that removal is not likely to occur in the reasonably foreseeable future, and her claims regarding her detention fail.

## IV.    CONCLUSION AND ORDER

Therefore, the Court **ORDERS** as follows:

1. The Respondents' motion for summary judgment (Doc. No. 12) is **GRANTED**.

2. Petitioner's renewed motion for a TRO (Doc. No. 14) is **DENIED**.

3. All other pending motions, if any, are **DENIED as MOOT**.

4. This habeas petition is **DISMISSED**.

SIGNED this ____14th____ day of May 2026.

ANDREW S. HANEN
UNITED STATES DISTRICT JUDGE

10 / 10